**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
Charleston Division**

LINDA CHAMBLESS,

                **Plaintiff,**                Civil Action No. 2:22-cv-4396-RMG-MGB

v.

**VIBRA HOSPITAL OF
CHARLESTON, LLC,**

                **Defendant.**

<u>**COMPLAINT**</u>

NOW COMES the Plaintiff, Linda Chambless, by counsel, Shawn Pinkston, Esquire, and Pinkston Law Firm, LLC, and files the following Complaint against her former employer, Vibra Hospital of Charleston, LLC, stemming from its unlawful discrimination against her due to her age and disability. In support of this Complaint, the Plaintiff avers as follows:

**PARTIES**

1.      The Plaintiff, Linda Chambless, is an adult individual that resides at 11568 Cottageville HWY, Colleton County, South Carolina.

2.      The Respondent Vibra Hospital of Charleston, LLC ("Vibra"), is a Delaware corporation that maintains its principal place of business in Mechanicsburg, Pennsylvania.

3.      Vibra maintains a local site at 1200 Hospital Drive in Mount Pleasant, Charleston County, South Carolina.

4.      Upon information and belief, Vibra is part of Vibra Healthcare, a nationwide hospital system that employs over 9,000 people.

5.      Vibra offers critical care treatment at its Mount Pleasant facility, which is a type of care that provides for patients with complex medical needs who require extended care

1

in a hospital setting.

## JURISDICTION

6.    This action arises out of Vibra's violations of Title VII of the Civil Rights Act of 1964 (the Americans With Disability Act), 29 U.S. Code § 623 (Age Discrimination in Employment Act), and the prohibition against unlawful employment practices under the South Carolina Human Affairs Law.

7.    Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

8.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Vibra transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

9.    This Complaint is filed within 90 days of exhausting all administrative remedies before United States Equal Employment Opportunities Commission ("EEOC").

10.    Prior to filing this Complaint, the Plaintiff pursued the claims described herein through the EEOC, EEOC # 1415-2021-0006, which culminated in the EEOC's Dismissal and Notice of Rights that mailed to the Plaintiff on September 28, 2022.

## FACTS

11.    The Plaintiff is a 70 year-old white female.

12.    For the duration of her time at Vibra, the Plaintiff was the Regional Director of Human Resources.

13.    Throughout her employment with Vibra, Plaintiff was given excellent job reviews, was consistently promoted, and was one of the highest-ranked members of the administration team.

14.    On or about February 25, 2020, Don Becker was named the Chief Executive Officer ("CEO") of Vibra hospital of Charleston.

2

15.     On or about March 4, 2020, Plaintiff met with CEO. During this meeting, CEO asked Plaintiff when she intended to retire because he had a friend, Rebecca Banesh, he wanted to hire in human resources. CEO also stated during this meeting he had worked with Rebecca Banesh for five (5) years, he wanted Plaintiff's opinions of her, and that he would like Rebecca Banesh to take over Plaintiff's position as Regional Director of Human Resources.

16.     Following this meeting, Plaintiff had conversations with Swakena Lingard, an employee of the human resources department, Suzanne Paugh, Vice President of Talent at Vibra Hospital, and Alisa Charles, Division Level Human Resources Manager, and relayed to them the conversation she had with CEO.

17.     In mid-April of 2020, CEO brought his aforementioned friend, Rebecca Banesh, to Plaintiff's office and asked Plaintiff to explain her job duties. The meeting was not planned and it was unexpected since Vibra was not allowing visitors due to Covid.

18.     Based on information and belief, Rebecca Banseh is 25 to 30 years younger than Plaintiff.

19.     Plaintiff again informed Alisa Charles and Suzanne Paugh about this visit and expressed her discomfort regarding the same. No action was taken by anyone in the human resources department.

20.     Following this mid-April meeting, Plaintiff was intentionally and without explanation excluded from workforce meetings within the human resources department.

21.     On or about May 21, 2020, CEO asked Plaintiff if she had thought about retirement dates. Plaintiff responded she was not prepared to retire.

22.     On or about June 10, 2020, Plaintiff was diagnosed with work related depression and anxiety. Plaintiff's doctor recommended she work remotely for part of the week due to her diagnoses, which affected Plaintiff's ability to work on site at Vibra.

23.    On or about June 10, 2020, Plaintiff informed CEO of her diagnoses and requested Vibra accommodate her doctor's request to work remotely for part of the work week. CEO stated he would need to speak with Greg Floyd, Vice President of Vibra, regarding the request. Several other employees of Vibra were working remotely at this time and were not required to round on patients. Plaintiff's request was subsequently denied.

24.    Following the denial from CEO and Vice President Floyd, Plaintiff spoke with Alisa Charles and requested Ms. Charles speak with Wayne Mackey, Vice President of Human Resources, regarding her accommodation request to work remotely for part of the week based on her doctor's recommendation. Plaintiff also requested she not be required to round on patients because Covid was escalating in the hospital and rounding exposed her to contracting this illness. Plaintiff was considered a high-risk individual per the Centers for Disease Control and Prevention guidelines.

25.    Plaintiff was again informed she would not be allowed to work remotely and would be required to continue rounding on patients, despite the fact of several other employees were working remotely at that time and not being required to round on patients.

26.    On or about July 14, 2020, Plaintiff submitted a resignation letter to CEO. The letter stated Plaintiff was submitting "my notice of resignation as a regional HR Director. As you know, I have recently been diagnosed with a medical condition directly related to my work within the facility…. at this time I feel my only choice is resignation." Plaintiff notified Vibra she would continue to work until August 11, 2020, to fulfill her four week notice requirement.

27.    At no time did Plaintiff mention retirement in her resignation letter or before submitting her resignation letter.

4

28.    On or about July 16, 2020, Plaintiff informed Alisa Charles that she was being forced to resign and was not voluntarily retiring. Plaintiff again asked Vibra if the facility would accommodate her request to work remotely. The request was denied for the third time despite many other employees being allowed to work remotely.

29.    On or about August 10, 2020, plaintiff was asked by CEO why she was still working at the hospital. Plaintiff informed the CEO she was fulfilling her requirements consistent with her four week leave notice. CEO instructed Plaintiff to immediately leave and work from home. CEO also informed Plaintiff that his friend Rebecca Banesh had been laid off from her current job and CEO wanted her to begin assuming the duties of Plaintiff.

30.    Plaintiff continued to work remotely in support of the human resources department until September 22, 2020.

31.    On or about September 22, 2020, Rebecca Banesh was hired by Vibra to assume the duties previously conducted by Plaintiff.

32.    Based on information belief, Rebecca Banesh did not have experience in human resources and was hired over other candidates with years of HR management experience and advanced educational degrees.

### COUNT I – UNLAWFUL DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITY ACT, 42 U.S.C. §§ 12112(a), (b)(5)

33.    The Plaintiff incorporates Paragraphs 1 through 32 as though fully set forth herein.

34.    Vibra was prohibited from discriminating against the Plaintiff under the Americans with Disability Act, 42 U.S.C. §§ 12112(a), (b)(5), on the basis of a disability, including the failure to provide a reasonable accommodation.

35.    Plaintiff had been diagnosed with medical conditions that directly affected her

ability to work.

36.     Plaintiff specifically requested on multiple occasions that Vibra reasonably accommodate her disabilities by allowing her to work from home. This request was repeatedly denied despite Vibra allowing certain other individuals to work from home during the Covid pandemic.

37.     Vibra's discrimination included the refusal to provide a reasonable accommodation whereby the Plaintiff could simply work remotely for part of the work week as requested by her physician. This refusal was made despite the fact several other employees were being allowed to work remotely during this timeframe.

WHEREFORE, the Plaintiff prays that the Court award her damages in an amount sufficient to compensate her fully for her injuries and damages as set forth herein, including an award of attorney's fees, costs, expenses, and such other relief as the Court deems appropriate.

## COUNT II – UNLAWFUL EMPLOYMENT PRACTICES IN VIOLATION OF THE AGE DISCRIMINAITON IN EMPLOYMENT ACT, 29 U.S.C. §§ 621-634

38.     The Plaintiff incorporates Paragraphs 1 through 37 as though fully set forth herein.

39.     Vibra was prohibited from discriminating against the Plaintiff under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634, on the basis of her age.

40.     CEO repeatedly asked Plaintiff when she intended to retire, basing his decision on Plaintiff's age of 70 years of age rather than any work-related reason.

41.     CEO intended to replace Plaintiff with a friend who was 25 to 30 years younger than Plaintiff, despite the fact this individual did not have equal job qualifications or equal experience as Plaintiff.

42.     CEO's repeated questions about Plaintiff's retirement, which were based solely on CEO's desire to hire a younger and less experienced individual, led Plaintiff to resign her position.

43.     Despite the fact Plaintiff had received multiple promotions and favorable work reviews throughout her employment with Vibra Hospital, the CEO continued to question Plaintiff about her plans to retire based on her age.

44.     Vibra's discrimination against Plaintiff was based on Plaintiff's age and not based on any unsatisfactory job performance or reviews.

WHEREFORE, the Plaintiff prays that the Court award her damages in an amount sufficient to compensate her fully for her injuries and damages as set forth herein, including an award of attorney's fees, costs, expenses, and such other relief as the Court deems appropriate.

## COUNT III – UNLAWFUL EMPLOYMENT PRACTICES IN VIOLATION OF SOUTH CAROLINA HUMAN AFFAIRS LAW, S.C. CODE § 1-13-80(A)

45.     The Plaintiff incorporates Paragraphs 1 through 45 as though fully set forth herein.

46.     South Carolina law prohibits Vibra from discriminating against the Plaintiff based on any disability or perception that she is disabled.

47.     South Carolina law further prohibits employers from retaliating against employees who seek to exercise their rights to be free from unlawful discrimination.

48.     As explained above, Vibra violated the South Carolina Human Affairs Law by discriminating against her because she was suffered from work-related disabilities.

49.      Vibra further acted in violation of the South Carolina Human Affairs Law by retaliating against Plaintiff by excluding her from work-related meetings, by refusing to

reasonably accommodate a request that was routinely granted to other employees, and by forcing her to round on patients despite the fact Plaintiff was a high-risk individual susceptible to contracting Covid per federal guidelines. These unlawful discriminatory practices eventually forced Plaintiff to resign from her position.

WHEREFORE, the Plaintiff prays that the Court award her damages in an amount sufficient to compensate her fully for her injuries and damages as set forth herein, including an award of attorney's fees, costs, expenses, and such other relief as the Court deems appropriate.

**THE PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

Respectfully submitted,

PINKSTON LAW FIRM, LLC

By:     **/s/ Shawn Pinkston**
Shawn Pinkston
USDC of South Carolina Bar No.:  11046
856 Lowcountry Blvd, Ste. 101
Mount Pleasant, SC 29464
843-814-5472
shawnpinkston@me.com

Mount Pleasant, South Carolina