# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Linda Chambless, | Civil Action No. 2:22-cv-04396-RMG-MGB |
| Plaintiff, | |
| v. | **JOINT DISCOVERY PLAN** |
| Vibra Hospital of Charleston, LLC, | |
| Defendant. | |

The parties respectfully submit the following information required by Federal Rule of Civil Procedure 26(f) and this Court's Scheduling Order. Counsel for the parties participated in a discovery conference on February 16, 2023. Attorney Katie Towery participated on behalf of Defendant and Attorney Shawn Pinkston participated on behalf of Plaintiff. The following constitutes the parties' agreement pursuant to that meeting:

## DISCOVERY PLAN

**(A)** What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when disclosures under Rule 26(a)(1) were made or will be made?

**RESPONSE:** This matter is subject to the Charleston Division's Initial Discovery Protocols for employment cases. As such, the parties are not obligated to submit Fed. R. Civ. P. 26(a)(1) or Local Civil Rule 26.03 (D.S.C) responses. The parties have agreed to grant a three-week extension on the deadline for submitting responses to the Initial Discovery Protocols, until March 20, 2023.

**(B)     The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

**RESPONSE:**  The parties agree that the scope of discovery in this matter will be as set forth in Fed. R. Civ. P. 26(b)(1).

The parties agree that discovery will not be conducted in phases and should be completed by the date set forth in the Court's January 27, 2023 Scheduling Order.

**(C)     Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

**RESPONSE:**  None at this time. The disclosure or discovery of electronically stored information (ESI) is not anticipated to be a significant factor in this case. To the extent that disclosure or discovery of ESI is requested by either party, the parties will cooperate to reach an agreement on the proper collection and handling of the same and will supplement this discovery plan as necessary.

The parties that all documents shall be produced in pdf format. Either party may request that certain documents, identified by Bates number, be produced in native file format.

**(D)     Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production— whether to ask the court to include their agreement in an order.**

**RESPONSE:**  None at this time.  The parties have agreed to submit a Confidentiality Order for the Court's consideration.

**(E)     What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed?**

2

**RESPONSE:** None at this time.

**(F)** **Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).**

**RESPONSE:** No additional orders are requested at this time.

Respectfully submitted this 2nd day of March, 2023.

By: s/ *Katie E. Towery*
William H. Foster, Federal Bar No. 6221
bfoster@littler.com
Katie E. Towery, Federal Bar No. 12861
ktowery@littler.com
LITTLER MENDELSON P.C.
110 E. Court Street, Suite 201
Greenville, SC  29601
Telephone: 864-775-3190

*Attorneys for Defendant*

By: s/ *Shawn Pinkston*
Shawn Pinkston, Federal Bar No. 11046
PINKSTON LAW FIRM, LLC
856 Lowcountry Blvd., Suite 101
Mount Pleasant, SC 29464
Telephone: 843-814-5472
shawnpinkston@me.com

*Attorney for Plaintiff*